27 C.C.P.A. (Patents)

SMITH v. DICKINSON et al.

Patent Appeal No. 4294.

Court of Customs and Patent Appeals.
April 29, 1940.

Marie K. Saunders, of Washington, D. C. (B. J. Craig, of Pasadena Cal., of counsel), for appellant.

Charles Frederic Murray, of Chicago, Ill. (J. H. Milans, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed a decision of the Examiner of Interferences awarding to appellees priority of invention as to the single count involved, which reads as follows: "1. A hypodermic syringe comprising a barrel having a hypodermic needle mounted at one end and extending into the barrel, a plunger mounted at the other end, a discardable cartridge adapted to be received in said barrel through said plunger end, said cartridge comprising a tube having an imperforate plug at one end adapted to be pierced by said needle and a piston plug at the other end adapted to be operated by said plunger, said plugs defining a chamber adapted to hold liquid, said imperforate plug having an axial chamber open to the first chamber and adapted to contain medicament, a closure sealing the open end of said axial chamber and adapted to be displaced by the inwardly extending end of the needle as a necessary act of seating the cartridge in the barrel, thereby to combine the medicament and liquid."

The subject matter in issue, as shown by the count which originated in the application of appellees Dickinson and Stowell, relates to a hypodermic syringe comprising a barrel, a hypodermic needle extending into the barrel, and other detailed structure set out in the count.

The interference arises between an application for patent of appellant, Serial No. 14500, filed April 3, 1935, and an application of appellees, Serial No. 667,236, filed April 21, 1933.

The interference was declared February 14, 1936, and involved the parties to the appeal herein together with the appli-

cations of Saffir and Grossman, respectively. The application of Saffir was eliminated by judgment on the record. The party Grossman, while he took testimony, did not appeal from the adverse decision of the Examiner of Interferences.

Both parties took testimony. The only question brought here for review is whether the Board of Appeals erred in affirming the decision of the Examiner of Interferences that the testimony on behalf of the appellant Smith failed to establish that he conceived and reduced to practice the invention recited in the count prior to the record date of appellees, the senior party.

In view of our conclusion, we do not deem it necessary to discuss the improvement in the art disclosed and taught by the involved applications. It suffices to say that on the record here the controversy is narrowed down to the question as to whether or not the evidence of appellant supports the first clause of the count, "A hypodermic syringe comprising a barrel having a hypodermic needle mounted at one end and extending into the barrel, * * *."

In his preliminary statement appellant alleged that he conceived the invention, made a drawing of the same, and disclosed it to others, during the month of September 1930. He also alleged that he embodied his invention in a full-size device and that the said device was first successfully used in the summer of 1931. Appellees in their preliminary statement alleged conception of the invention about April 1, 1932, disclosure to others about June 1932, completion of an operative device embodying the invention and first successful use of the same about November, 1932.

It appears from the decision of the Examiner of Interferences that appellant moved before the Primary Examiner to substitute his earlier application, Serial No. 696,506, filed November 3, 1933, for his involved application for the alleged reason that the said earlier application disclosed the invention in issue. This motion was denied by the Primary Examiner. Appellant made the same contention before the Examiner of Interferences, who stated in his decision: "* * * The examiner of interferences after fully considering the disclosure of the earlier Smith application is unable to reach a conclusion different from that reached by the primary examiner. As pointed out by the primary examiner, the earlier Smith application does not disclose 'a *hypodermic* needle mounted at one end and extending into the barrel' of the syringe (emphasis added). Since the earlier Smith application does not disclose any element which can be considered a hypodermic needle, the count in issue would not be allowable therein and that application is not a constructive reduction to practice of the invention in issue (72,185) so as to advance Smith's record date."

Copies of the drawings of appellant's device as it appeared in his said earlier application are in the record and an examination of them clearly discloses that the drawings of the syringe fail to meet the limitation in the count which calls for "a hypodermic needle mounted at one end and extending into the barrel, * * *." The drawings disclose a tube or needle extending inwardly from the blunt tip on the barrel of the syringe to pierce the imperforate plug. The drawings do not show a hypodermic needle at all. Of course, it is to be assumed that a hypodermic needle was intended to be attached to the tip end of the syringe, otherwise it could not function in local tissue anesthesia. However, as applied to the device shown in the earlier application of appellant no such needle would project into the barrel of the syringe as required by the count.

All of the testimony, with respect to the device, filed on behalf of appellant was directed solely to proof of the structure shown in his earlier application, which very clearly does not meet the count herein. Such testimony cannot establish conception of the involved invention.

We cannot agree with the contention of appellant that a tube or needle which is the piercing means of an imperforate plug in the barrel of a hypodermic syringe and which does not extend beyond the tip of the syringe is a hypodermic needle simply because it is part of a hypodermic syringe. A hypodermic needle is one that penetrates through and under the skin. See Webster's New International Dictionary. Thus the word hypodermic relates to injections under the skin. A hypodermic needle is shown in the drawing of appellant's later application, and also in the drawing of appellees. The tube or needle in the barrel that ends at the tip of the barrel, such as is shown in the earlier application of appellant, cannot penetrate

anything on the outside of the tube. There is nothing needle-like about the syringe tips of any of the exhibits of appellant, and no purpose can be served by discussing the statement in appellant's brief concerning short blunt needles.

It is our opinion that appellant has totally failed to sustain his burden of proof of conception of the invention recited in the count prior to the record date of appellees. Therefore the decision of the Board of Appeals is affirmed.

Affirmed.